Opinion by OLIVER, P. J. The petition was dismissed.

**No. 49986.**—Petition 6479-R of Musolino Lo Conte Co. (Boston).

Opinion by COLE, J. The circumstances relating to entry and final appraisement of the merchandise in question are practically the same as those involved in Abstract 49970. Here, as there, the legal principle governing the dutiable value

of the merchandise in question was set forth in *Luigi Vitelli Elvea* v. *United States* (9 Cust. Ct. 466, Reap. Dec. 5661), affirmed in *United States* v. *Luigi Vitelli Elvea* (11 Cust. Ct. 437, Reap. Dec. 5941). Although the court sustained the basis for appraisement claimed by the importer in *Raffaele D'Amora* v. *United States* (13 Cust. Ct. 340, Reap. Dec. 6035), adjustment of nondutiable charges resulted in higher final appraised values, from which additional duties accrued.

From the testimony it appeared that prior to entry petitioner had consulted with customs officials concerning the dutiable value of the imported merchandise and had made inquiry concerning prices of competitors in the trade as well as the Italian Chamber of Commerce of New York. Based upon the information received, petitioner decided to adhere to its invoice and purchase prices and adjudicate the matter of proper dutiable value in reappraisement proceedings before the court. From an examination of the record and a consideration of the facts in the case, the court was satisfied that the entry at a less value than that found on final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts or to deceive the appraiser. The petition was therefore granted.